IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT L. HUGGETT,                              CV 07-1746-MA

       Plaintiff,                         OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

H. PETER EVANS
DAVID B. LOWRY
9900 S.W. Greenburg Road
Portland, OR 97223
(503) 245-6309

       Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158

1 - OPINION AND ORDER

RICHARD A. MORRIS
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2156

      Attorneys for Defendant

MARSH, Judge.

     Plaintiff Scott L. Huggett seeks judicial review of
the Commissioner's final decision denying his May 3, 2002,
application for disability insurance benefits under Title II of
the Social Security Act, 42 U.S.C. §§ 401-33.

     Plaintiff alleges he has been disabled since October 12,
2001, because of dizziness, numbness, fatigue, carpal tunnel
syndrome, and memory loss.  Plaintiff's disability claim was
denied initially and on reconsideration.  The Administrative Law
Judge (ALJ) held a hearing on May 25, 2004.  On July 27, 2004,
the ALJ issued a decision in which he found plaintiff was
generally credible in describing certain work limitations.  He
also found plaintiff suffered from non-listed severe impairments
of Depression, Conversion Disorder, Carpal Tunnel Syndrome, mild
cervical disc bulge, headaches, and status post right shoulder
rotator cuff surgery, all of which precluded him from performing
his past relevant work but did not preclude him from performing
other jobs, including small products assembly, cannery worker,
booth worker, and mail clerk.  Accordingly, the ALJ found

2  - OPINION AND ORDER

plaintiff was not disabled.  On March 16, 2005, the Appeals
Council denied plaintiff's request for further review.  The ALJ's
decision, therefore, was the Commissioner's final decision for
purposes of judicial review.

On May 5, 2005, plaintiff filed a Complaint in this court
seeking judicial review.  On May 12, 2006, Magistrate Judge
Dennis J. Hubel issued a Findings and Recommendation that the
case should be reversed and remanded for further administrative
proceedings.  See Huggett v. Barnhart, CV 05-635-HU (D. Or. May
12, 2006).  On June 7, 2006, this court adopted Judge's Hubel's
Findings and Recommendation and ordered the Commissioner on
remand (1) to obtain additional medical evidence regarding
plaintiff's diagnosis of Conversion Disorder, (2) to reevaluate
the credibility of plaintiff's subjective complaints based on
the additional medical evidence, (3) to reevaluate the weight
to be given to the reports of medical treatment providers
Christopher J. Ginocchi, M.D. and Wei-hsung Lin, M.D. if the
additional medical evidence justifies the court to consider
plaintiff's subjective complaints relating to conversion
disorder, and (4) if appropriate in light of the additional
medical evidence, to reevaluate plaintiff's mental residual
functional capacity (RFC) and present an appropriate hypothetical
to the vocational expert(VE) based on this RFC.

3  - OPINION AND ORDER

After considering additional evidence on remand, the ALJ again found plaintiff was not disabled.  Plaintiff now seeks an Order from this court reversing the Commissioner's final decision and remanding the case for the payment of benefits.  For the following reasons, I **AFFIRM** the final decision of the Commissioner and **DISMISS** this action.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  <u>Bowen v. Yuckert</u>, 482 U.S.137, 140 (1987).  <u>See also</u> 20 C.F.R. § 416.920.  Plaintiff bears the burden of proof at Steps One through Four.  <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

Following consideration of the additional evidence on remand, the ALJ found as follows:

At Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability.

At Step Two, the ALJ found the same severe impairments as before:  Mild cervical disc bulge, status/post rotator cuff surgery, carpel tunnel syndrome, headaches, and conversion disorder.  20 C.F.R. §404.1520(d)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

4  - OPINION AND ORDER

At Step Three, the ALJ found plaintiff's impairments do not meet or equal listed impairments and do not support any physical workplace limitations. However, plaintiff's headaches, and occasional vertigo and dizziness, with mild limitations in concentration, persistence, and pace, would "reasonably restrict him to understand, remember, and carry out simple instructions and tasks, with only occasional contact with the general public."

At Step Four, the ALJ found plaintiff's residual mental capacity precludes him from performing skilled or semi-skilled work, including his past relevant work as a retail merchandiser, auto technician, or tow truck driver.

At Step Five, the ALJ found plaintiff is able to perform other jobs involving unskilled work that exist in significant numbers in the national economy, including cannery worker and food sorter.

Consistent with the above findings, the ALJ found plaintiff is not disabled and denied his claim for benefits.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which . . .
has lasted or can be expected to last for a continuous period of
not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  "Substantial evidence means more than a mere
scintilla but less than a preponderance; it is such relevant
evidence as a reasonable mind might accept as adequate to support
a conclusion." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir.
1995).

The court must weigh all of the evidence whether it supports
or detracts from the Commissioner's decision. <u>Martinez v.</u>
<u>Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's
decision must be upheld, however, even if the "evidence is
susceptible to more than one rational interpretation." <u>Andrews</u>,
53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record.
<u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).  The duty
to further develop the record, however, is triggered only when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence. <u>Mayes v. Massanari</u>,
276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

The issues that were to be reviewed on remand are whether the ALJ erred in failing (1) to give clear and convincing reasons for rejecting his testimony, (2) to give clear and convincing reasons for rejecting the lay witness testimony of his wife, (3) to consider adequately the medical evidence supporting plaintiff's physical and mental impairments, and (4) to provide an adequate hypothetical question to the vocational expert regarding plaintiff's impairments and his residual functional capacity.

I conclude the appropriate issues are whether the Commissioner followed this court's order on remand, and if so, whether the ALJ's findings based on all the medical evidence and witness testimony support the ALJ's ultimate finding that plaintiff is not disabled. In making that determination, I review the record as a whole, although I focus my discussion primarily on the new evidence gathered on remand.

## PLAINTIFF'S TESTIMONY/EVIDENCE

The court incorporates by reference Magistrate Judge Hubel's discussion in his Findings and Recommendation of the earlier hearing testimony.

Plaintiff was 40 years old on the date of the hearing before the ALJ on remand. He has suffered from migraine headaches for four-five years and now has them almost every day. They cause him to become nauseous and unduly sensitive to light and sound. He has daily doses of Propranolol to relieve his migraine headaches. He continues to have brief dizzy spells three-five times an hour that occasionally cause him to pass out and fall. He continues to smoke but has cut back from one pack a day to one pack every three days.

Plaintiff has memory problems, such as not remembering recent conversations and misplacing keys. His energy level is very low. His daily routine includes taking his wife's daughter to school, washing the dishes, and doing the laundry, with rest periods in between those chores.

Plaintiff continues to have pain in his neck and back, and although he had surgery to treat carpal tunnel syndrome, the pain in his hands has returned.

## LAY WITNESS EVIDENCE

Plaintiff's wife of four years testified that plaintiff's migraine headaches vary, but lately have occurred on a daily

basis, causing him to be light sensitive, and "pretty much knock[ing] him down."  They last several hours and sometimes all day.  When he has dizzy spells, he "gets very weak" and "grab[s] on to things." He sometimes falls and hurts himself.

Plaintiff has not used marijuana in the four years he and his wife have been together and he very occasionally drinks a wine cooler.  Plaintiff has problems with short-term memory and is depressed because of his health.  Plaintiff is a good care-giver to his wife's nine year-old daughter and helps her with homework.

**MEDICAL TREATMENT EVIDENCE**

The court incorporates but does not repeat Magistrate Judge Hubel's discussion of the medical evidence in his Findings and Recommendation.  The new medical evidence obtained on remand is discussed below.

**Medical Treatment.**

Pompy Goswami, M.D. - Family Medicine - December 2006.

Plaintiff told Dr. Goswami he has "psychiatric problems" and he felt depressed.  He lacked energy, could not concentrate, and had a poor appetite.  He suffers from migraines associated with phonophobia and photophobia (fears of one's own voice and light).  Dr. Goswami found plaintiff's mood and effect were normal.  His insight and judgment were good.  He advised plaintiff to make an appointment to see a psychiatrist.

Two weeks later, plaintiff reported he was doing well after taking anti-depressant medication.

**Medical Examination.**

Dan Friedman, M.D. - Neurologist - January 2007.

Dr. Friedman examined plaintiff on referral by Dr. Goswami. He noted plaintiff was alert and oriented, and was able to give a clear and concise medical history.  Findings on the general examination were normal.  Plaintiff described chronic migraine headaches and dizziness.  Dr. Friedman concluded plaintiff's depression possibly contributed to his migraines and he was not over-using pain medication.  His dizziness might also be caused by the migraines.

**Neuropsychological Screening Examination.**

Joe Wood, Psy.D. - Psychologist - December 2006.

The Commissioner referred plaintiff to Dr. Wood to perform a neuropsychological examination in compliance with this court's order on remand to obtain additional medical evidence relating to plaintiff's diagnosis of Conversion Disorder.

Dr. Wood reviewed plaintiff's medical history and noted medical providers found plaintiff's symptoms of persistent headaches, neck pain, episodes of dizziness and right shoulder pain "were difficult to interpret."  Dr. Wood also reviewed the results of a neuropsychological examination performed by

Dr. Bryan in 2002, who concluded plaintiff has "severe functional interference from depression and a somatoform-related condition." Dr Bryan had diagnosed "Conversion Disorder and Major Depressive Disorder" resulting in a GAF score of 60 (moderate symptoms and difficulty in social, occupational, and school functioning). Dr. Wood conducted a similar examination that also included intelligence, memory, and personality testing.

Based on the test results, Dr. Wood concluded Plaintiff's abstract reasoning ability is intact. He "may have some difficulty with judgment" but his "insight is intact" and his "thought processes were logical and coherent." "No psychotic behavior was observed."

Dr. Wood opined plaintiff's "true IQ" is within the "low-average" range. His verbal/non-verbal reasoning, verbal comprehension ability scores, and his working memory scores place him in the "average" range. His ability to process visual information quickly is "less well-developed", which might "hinder him in processing complex information." Plaintiff's working memory and immediate memory capacities are in the "average" range and his delayed memory capacity is in the "low average" range.

Plaintiff's MMPI-2 test yielded a "probably valid clinical profile." He is likely to have "a pattern of chronically psychological maladjustment," with problems caused by both

"intense anxiety, somatic distress, agitation, and anger" and "general ineffectiveness in dealing with life."  His probable diagnosis is "Somatization Disorder" or, possibly but less likely, "Schizophrenic Disorder."

**Medical Testimony**.

<u>Robert McDevitt, M.D. - Psychiatrist</u>.

Dr. McDevitt reviewed plaintiff's medical records and heard plaintiff's testimony at the remand hearing.  He concluded the medical records did not support plaintiff's claims and he "was at a loss to explain why [plaintiff] has not been functional for almost four or five years."  Tr. 520.  He could find nothing in plaintiff's history that would support that plaintiff suffers from Conversion Disorder as a psychiatric impairment.  Tr. 522, 524.  Dr. McDevitt stated he "had no doubt that [plaintiff's] complaints are genuine" but there was not enough evidence "to justify the degree of impairment."  Nevertheless, he did not question the pain medications prescribed by plaintiff's treating physicians based on plaintiff's description of his pain level.  Tr. 527.

**Vocational Testimony**.

The ALJ described plaintiff's workplace capabilities to Vocational Expert ("VE") Susan Burkett as follows:  The ability to understand, remember, and carry out simple instructions; mild

impairments as to concentration, persistence, and pace; and only occasional close contact with the general public.  The ALJ did not describe any physical limitations.  The VE opined plaintiff would be unable to perform his past relevant work as a retail merchandiser, automobile technician, and tow truck driver but he would be able to perform the light jobs of small product assembler, cannery worker, and food sorter, all of which are classified as light work.

The VE further opined that plaintiff would still be able to perform the jobs of cannery worker or food sorter even if he were to forget instructions within an hour but he would be unable to work at all if he suffered from the level and frequency of migraine headaches to which he testified.

## ANALYSIS

As noted, the ALJ was directed on remand (1) to obtain additional medical evidence regarding plaintiff's diagnosis of Conversion Disorder, (2) to reevaluate the credibility of plaintiff's subjective complaints based on the additional medical evidence, (3) to reevaluate the weight to be given to the reports of medical treatment providers Christopher J. Ginocchi, M.D. and Wei-hsung Lin, M.D. if the additional medical evidence supports a diagnosis of Conversion Disorder, and (4) if appropriate in light of the additional medical evidence, to reevaluate plaintiff's

13 - OPINION AND ORDER

residual functional capacity (RFC) and present an appropriate
hypothetical to the vocational expert(VE) based on this RFC.
**Medical Evidence of Conversion Disorder**.

The additional medical evidence obtained on remand reflects
plaintiff has a Somatization Disorder characterized by Dr. Woods
as a "a pattern of chronically psychological maladjustment," with
problems caused by "intense anxiety, somatic distress, agitation,
and anger" and "general ineffectiveness in dealing with life."
Dr. McDevitt concluded there was no evidence plaintiff suffers
from a "conversion disorder as a psychiatric impairment" or that
he converts his psychological impairments into a physically
disabling condition.

After considering the additional evidence, the ALJ found
plaintiff suffers from workplace limitations because of his
mental impairments but again rejected plaintiff's contention that
he has physical limitation based on a diagnosis of Conversion
Disorder.

As noted, the court's remand order focused on requiring the
Commissioner to obtain additional medical evidence that might
support a diagnosis of Conversion Disorder, thereby potentially
corroborating plaintiff's subjective complaints regarding his
alleged physical limitations.  I find the additional evidence as
to plaintiff's psychological impairments, particularly relating

14 - OPINION AND ORDER

to the lack of a specific diagnosis of Conversion Disorder, does not bolster plaintiff's credibility or his contention that he has physical limitations that render him unable to engage in substantial gainful activity involving light work.

I conclude the Commissioner met his obligation on remand. The ALJ appropriately analyzed the additional medical records and did not err in finding plaintiff failed to present substantial evidence to support his claim that he suffers from physical limitations arising from a diagnosis of Conversion Disorder that limit his ability to perform light work.

**Plaintiff's Credibility.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for not crediting his testimony regarding his physical and mental impairments.

For the reasons stated above, and on the record as a whole, I conclude the ALJ on remand gave clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of his physical limitations.

**Reevaluation of Other Medical Evidence.**

The ALJ was ordered on remand to reevaluate the weight to be given to the reports of medical treatment providers Christopher J. Ginocchi, M.D. and Wei-hsung Lin, M.D., only if the additional medical evidence justified the court to consider plaintiff's subjective complaints relating to a diagnosis of Conversion

15 - OPINION AND ORDER

Disorder.  For the reasons stated above, I conclude the additional medical evidence did not justify a reevaluation of those medical reports.

**Consideration of Lay Witness Testimony.**

Plaintiff alleges the ALJ failed to give adequate reasons for not crediting lay witness testimony.  Lay testimony as to a claimant's symptoms "is competent evidence that an ALJ must take into account" unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

In the hearing on remand, the ALJ took lay witness testimony from plaintiff's wife, who described plaintiff's dizziness and migraine headaches.  The ALJ concluded plaintiff's daily activities, as described by his wife, did not support plaintiff's testimony regarding the extent of his physical impairments.

On the record as a whole, I conclude the ALJ appropriately addressed and weighed the lay witness testimony.

**Reevaluation of Plaintiff's Residual Functional Capacity (RFC).**

For the reasons stated above, I conclude the hypothetical posed by the ALJ to the VE included all of plaintiff's mental limitations and there is substantial evidence in the record as a whole to support the VE's determination that plaintiff was able to perform light work subject to his mental limitations.

16 – OPINION AND ORDER

## **CONCLUSION**

For all the reasons set forth above, the Commissioner's final decision denying benefits to plaintiff is **AFFIRMED** and this matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED this 30 day of March, 2009.


 /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

17 - OPINION AND ORDER